The Attorney General is in receipt of your request for an official opinion wherein you ask the following questions: "1. What is the definition of `increments mandated by the state' as used in Section One, House Bill No. 1706? "2. What is the definition of `local increment' as used in Section One, House Bill No. 1706 ? "3. To avoid conflict with Section One of the Act, should a school district add the amount specified for `years of experience' to the previous year's salary schedule and then move individuals to their appropriate step on the schedule? "4. Must the value of increments paid by the local boards of education be at least equal to the amount provided in Section 18-114 (minimum salary schedule) ? "5. If an increment system is to be maintained, must the cost of those increments be provided out of other funds separate from those funds mandated in House Bill No. 1706? "6. If an individual teacher earned 11,500 last year and anticipated a $200 increment at the beginning of this year, based on the previous year's salary schedule ($11,700) and further, House Bill No. 1706 mandates $1,075 based on his/her years of experience, should that teacher be paid $12,775 for this year or could a local board legally offer that teacher only $12,575?" Your question is referenced to HB 1706, 37th Legislature, Second Regular Session, being the teacher pay bill for common education. The subject of teachers' salaries has been a concern of the Legislature in every session since enactment of the first minimum salary schedule in 1973. See 70 O.S. 18-114 [70-18-114] (1973); see also Laws 1974, c. 266, Laws 1975, c. 370, Laws 1976, c.273, Laws 1977, 1st Ex. Sess., c. 1, Laws 1978, c. 294, Laws 1979, c. 282. We are here primarily concerned with the provisions of 1 and 2 of HB 1706. Section 1 mandates minimum pay increases for each year of experience and academic degree attained. Section 2 amends 70 O.S. 18-114 [70-18-114] by adding to the previously established minimum salaries the mandated salary increases creating a conforming minimum salary schedule. Thus, the minimum salary increase given a teacher with one-year experience and a Bachelor Degree ($575) in Section 1 of HB 1706, when added to the minimum salary for the same level and degree under the 1979 version of 18-114, ($10,475) becomes the new minimum salary for that level and degree under Section 2 of HB 1706 amending 70 O.S. 18-114 [70-18-114] ($11,050). The interrelationship of Sections 1 and 2 should not obscure the fact each is intended for an entirely different purpose. Section 1 is intended to "provide salary and/or fringe benefit increases for each state teacher . . . ." Section 2 is intended to establish new minimum levels of compensation for state teachers. Section 1(A) is the focal point of your questions and reads in pertinent part as follows: ". . . Funds allocated for teacher salary increases and teacher consultant stipends for fiscal year 1981 are to provide salary and/or fringe benefit increases for each state teacher according to years of experience and degree in the following schedule. Such increases shall be in addition to the increments mandated by the state in the 1979-1980 Minimum Salary Schedule. Provided, nothing in this act shall prohibit local boards of education from providing increments in addition to those provided by the state. Provided further, funds appropriated by the state for salary increases shall not be used to fund local increments . . . ." (Emphasis added) Your first question asks what is meant by "increments mandated by the state" as used in Section 1(A). The phrase is expressly referenced to the Salary Schedule contained in 70 O.S. 18-114 [70-18-114], as last amended in 1973. The mandated increments are the difference between any one experience level and the next experience level in the schedule. Also, there are mandated increments between a Bachelor's, Master's, and Doctorate's degree in each experience level. Thus, the state-mandated increments are the difference between minimum compensation for each level of experience and each academic degree attained, as specified in the Minimum Salary Schedule. Local boards of education are permitted by statute to adopt salary schedules which exceed minimums established under 70 O.S. 18-114 [70-18-114]. 70 O.S. 18-114.1 [70-18-114.1] (1973). This is normally accomplished by the adoption of a local salary schedule which pays a teacher some amount more than the state mandated minimum for each level of experience and academic degree attained. The "local increments," about which you ask in question two, would be the difference between the state mandated minimum salary for each experience level and each academic degree attained and the actual compensation paid by the school district for a teacher with the same years of experience and academic degree. These local increments may be the product of unilateral act of the board or some form of negotiated agreement, whether by collective bargaining or committee. Local increments are discretionary. Your third question is an inquiry as to the experience level to which the salary increase of Section 1 is to be added. In the context of the minimum salary required by law, whether the salary increase is added to the previous year's experience level or the current year's experience level makes no practical difference. Last year, a teacher with one year's experience and a BA Degree was to be paid a minimum salary of $10,475. The same teacher when employed this year has two year's experience and is entitled to an increase of $675. The sum of the two figures ($11,150) will have to be adjusted to bring the teacher up to the mandated minimum salary level ($11,350). If the same teacher is first moved to the two-year experience level under the old minimum salary schedule ($10,675) and then given the mandated salary increase for a teacher with two year's experience ($675), the sum is the new mandated minimum salary ($11,350) under Section 2 of HB 1706. There are several factors which cause us to conclude that the Legislature intended for the salary increase in Section 1 to be added to the experience level to which the teacher is now entitled rather than the previous year's salary level. Not the least of these is the fact that adding the salary increase for the current years of experience to the level on the 1979 salary schedule for the same years of experience brings the teacher to the new mandated state minimum. Another factor lending support to our conclusions is that these salary increases were enacted to take effect after the April 10th contract nonrenewal date prescribed by law. 70 O.S. 6-101 [70-6-101](E) (1971). All of the teachers, except new employees, will necessarily be persons who have completed an additional year's teaching experience. When these teachers enter into new contracts they will already have qualified under the previously enacted minimum salary schedule as a teacher with another year's experience. Thus, for example, a teacher who has completed his/her second year of teaching service is entitled to the salary increase for a teacher with two year's experience under HB 1706, 1 (A) which is added to the minimum salary level dictated by 70 O.S. 18-114 [70-18-114], as amended in 1979, for a teacher with two year's experience. In your fourth question, you ask whether local increments must be in the same amount as the state mandated increments. Whether local increments in addition to state minimum salary levels are to be granted and the amount of the increments are matters of purely local concern. Nothing in HB 1706 nor any other statute, currently in effect, controls local salaries in excess of state minimums. Your fifth question relates to the source of funding for salary increments. House Bill No. 1706 is not an appropriations bill. However, Section 1 clearly states that no funds appropriated for salary increases shall be used to fund local increments. Funding for local salary increments in excess of state minimum salaries must come from other funding sources of the school district which may be legally used for the purpose of paying teacher salaries. Your sixth question cannot be answered as a matter of law, even if we were to assume the facts outlined in your hypothetical question. Your question presupposes that the Section 1 salary increases are added to local salary schedules. Section 1 mandatory salary increases are added to the minimum salary schedules dictated by the 1979 amendments to 70 O.S. 18-114 [70-18-114]. The mandated salary increases under Section 1 are controlling only in those school districts paying at or under minimum salary levels and school districts which do not negotiate for the distribution of salary increases. In all school districts which pay salaries exceeding state minimum and which engage in negotiations, in one fashion or another, as authorized by law the actual distribution and size of salary increases are negotiable. Section 1(B) of HB 1706 expressly so provides by stating: "Provided, further, if the professional staff and the board of education of a school district are using any negotiation process as set out by Oklahoma law, the distribution of the mandated increase may become a negotiable item. Provided, however, that if a majority of the professional staff of a school district has by election approved an agreement with the board of education of the district in lieu of statutory negotiations, the board of education and school administration may work with the duly elected representatives of its professional staff to adopt a salary schedule which meets or exceeds the state minimum. Provided further, that nothing in this act shall prohibit any board of education or school administration from working with a committee elected by classroom teachers for the purpose of determining a salary schedule which meets or exceeds the state minimum." The apparent intent of the Legislature was to leave the matter of local increments to the local school districts and their teachers to decide. It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: 1. State mandated increments are the difference between minimum compensation for each level of experience and each academic degree attained as specified in the Minimum Salary Schedule and the next such level. 2. Local increments are the difference between the state mandated minimum salary for each experience level and each academic degree attained and the actual compensation paid by the local school district for a teacher with the same years of experience and academic degree. 3. Salary increases under Section 1 of HB 1706 for a given "year of experience" level are added to the same years of experience level in the 1979 Minimum Salary Schedule bringing the teacher up to the new Minimum Salary Schedule required by Section 1 of HB 1706. 4. The amount of local increments need not be the same as the increments employed in the state mandated Minimum Salary Schedule, the size of local increments being exclusively a matter of local concern. 5. State funds appropriated for teacher salary increases may not be used to fund local salary increments; funding for local increments must come from other funding sources of the school district which may be legally used for the purposes of paying teacher salaries. 6. The provisions of Section 1 of HB 1706 control the size and distribution of salary increases only in those school districts which were not paying salaries above the state minimum under the 1979 provisions of 70 O.S. 18-114 [70-18-114] or which do not negotiate for the distribution of salary increases. In all school districts which paid above the state minimum under the 1979 provisions of 18-114 and which do negotiate for the distribution of salary increases, the actual size and distribution of salary increases is a negotiable item to be resolved at the local level so long as the distribution system adopted meets or exceeds state minimums proscribed by Section 2 of HB 1706. (John F. Percival)